**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEOVANNY JOSE UCROS BOVEA,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center,<br><br>                              Respondent. | Case No.:  3:26-cv-02302-RBM-DEB<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

On April 10, 2026, Petitioner Jeovanny Jose Ucros Bovea ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons below, the Petition is **DISMISSED** without prejudice.

## I.   DISCUSSION

The Court must screen habeas corpus petitions to determine whether they are subject to summary dismissal.  *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019) [hereinafter "Habeas Rules"]; *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254.").  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Habeas Rule 4, or "where the allegations in the petition are vague or conclusory."  *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citation omitted).

1

To survive screening, the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government.  *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up).  A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  The dismissal does not bar the petitioner from seeking habeas relief in the future.  *Sanders v. United States*, 373 U.S. 1, 8 (1963).

In this case, Petitioner represents that he has "been detained for approximately 2 months following a final order of removal, without an individualized bond hearing."  (Doc. 1-6 at 1.)  He argues that (1) his detention has become prolonged and excessive in violation of the Fifth Amendment's Due Process Clause; (2) he is a class member of the class certified in *Bautista v. Santacruz*; and (3) there "is no significant likelihood of removal in the reasonably foreseeable future."  (Doc. 1 at 6–8.)  Even construing the Petition liberally, as the Court must, *Erickson*, 551 U.S. at 94, the Court finds that the Petition, as currently drafted, does not show Petitioner is entitled to habeas relief. First, to the extent that Petitioner attempts to bring an unreasonably prolonged detention claim under 8 U.S.C. § 1225(b), that relief seems to be foreclosed to him because he represents that he has been issued a final order of removal.  Second, the Ninth Circuit has stayed the *Bautista* judgment insofar as it extends beyond the Central District of California.  And even if it had not, again, Petitioner's alleged final order of removal means that his detention is not governed by § 1226, as required  for relief under the reasoning of *Bautista*.   And third, to the extent that Petitioner attempts to bring a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), he does not explain *why* his removal is not significantly likely in the reasonably foreseeable future. Even under the liberal *pro se* pleading standards, Petitioner must present more than conclusory allegations.  *See King*, 814 F.2d at 567; *Kourteva*, 151 F. Supp. 2d at 1128.

3:26-cv-02302-RBM-DEB

As the Petition fails to meet the screening requirements for a habeas petition, summary dismissal is required.[1]

## II.   CONCLUSION

For the reasons above, the Petition (Doc. 1) is **DISMISSED without prejudice**. Petitioner may file an amended petition addressing the issues identified above **on or before May 22, 2026**. The amended petition must be complete in itself and may not reference or incorporate any other prior filings. Failure to file an amended petition **on or before May 22, 2026**, may result in dismissal of this action.

**IT IS SO ORDERED**.

DATE:  April 15, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego, Inc. to see if a Federal Defender can represent Petitioner in this matter.

3:26-cv-02302-RBM-DEB