**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JEOVANY JOSE UCROS BOVEA,

                            Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

                       Respondents.

Case No.:  3:26-cv-02302-RBM-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Jeovany Jose Ucros Bovea's ("Petitioner") Amended Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.)  For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a citizen of Colombia, fled his home country "fearing for his life due to his political opinions." (Doc. 10 at 2.)  "He was paroled into the United States on August 4, 2024." (*Id.*)  On January 18, 2026, he was arrested on a warrant for failure to pay a traffic citation. (*Id.*)  When Petitioner attempted to pay the fine, "he was told he could no longer pay the fine because ICE would be picking him up."  Petitioner has been in immigration custody since then. (*Id.*)

1

On April 10, 2026, Petitioner, then proceeding *pro se*, filed his original petition. (Doc. 1.)  The Court dismissed the petition without prejudice. (Doc. 2.)  Petitioner timely filed an amended petition.  (Doc. 4.)  The Court referred the amended petition to Federal Defenders of San Diego, Inc. ("FDSDI") for an evaluation of whether appointment of counsel was appropriate (Doc. 5), and FDSDI accepted appointment (Doc. 6).  Shortly thereafter, pursuant to Chief Judge Order 134-A, FDSDI "referred this case for representation by a CJA panel attorney who has volunteered to handle such representations."  (Doc. 7 at 1.)  The Court granted the subsequent motion to substitute counsel.  (Doc. 9.)  New counsel for Petitioner filed the Petition on June 10, 2026. (Doc. 10.)  Respondents filed their Return to Petition on July 1, 2026. (Doc. 11.) Petitioner was authorized to file a reply on or before July 8, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that his detention violates the Administrative Procedure Act and the Fifth Amendment's Due Process Clause.  (Doc. 10 at 3–7.)  Respondents acknowledge[ ] that this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable, . . . and do[ ] not oppose the petition and defer[ ] to the Court on the appropriate relief."  (Doc. 11 at 1– 2.)

3:26-cv-02302-RBM-DEB

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on their own recognizance or paroled into the country and re-detained several years later. In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7; *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance).

Like the petitioners in the cases above, Petitioner was previously paroled into the United States under 8 U.S.C. § 1182(d)(5). (*See* Doc. 11 at 2; Doc. 10 at 2–3.) "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that promise. *See Pinchi*, 792 F. Supp. 3d at 1032. And nothing in the record before the Court indicates any change in circumstances or individualized justification for Petitioner's re-detention. *See Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("Since DHS's initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed.").

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary framework; and (2) ICE's revocation of Petitioner's release on parole without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful.

3:26-cv-02302-RBM-DEB

Accordingly, the Petition is **GRANTED**.

### IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 10) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE:  July 9, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-02302-RBM-DEB